FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 06 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

DELTA DIVISION

| | |
|---|---|
| **KARL M. WILLIAMS III**<br>Plaintiff,<br><br>v.<br><br>**SCHNEIDER NATIONAL, INC.**<br>Defendant. | CIVIL ACTION NO.<br>2:26cv158-BSM |

**COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND JURY DEMAND**

**JURISDICTION, VENUE, AND PARTIES**

**1.** Plaintiff Karl M. Williams III brings this action against Defendant Schneider National, Inc. for race discrimination in employment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

**2.** Plaintiff is African American/Black and was employed by Defendant as a driver beginning approximately January 3-5, 2026.

**3.** Defendant Schneider National, Inc. conducted the employment and training at issue at or through its West Memphis, Arkansas operation. Plaintiff alleges that the discriminatory employment practices described below occurred in Crittenden County, Arkansas.

**4.** This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and jurisdiction over this Title VII action under 42 U.S.C. § 2000e-5(f)(3). Venue is alleged to be proper in this District because the alleged unlawful employment practices occurred in Crittenden County, Arkansas.

**FACTUAL ALLEGATIONS**

**5.** Plaintiff was an inexperienced driver during the relevant period.

**6.** Plaintiff experienced two low-speed backing incidents in Defendant's yard.

**7.** Plaintiff's first backing incident involved minor damage to the mounting bracket for the tractor's cab side fairing.

**8.** Plaintiff's second backing incident involved the cab side fairing itself.

This case assigned to District Judge Wilson
and to Magistrate Judge Volpe

**9.** Plaintiff alleges that neither incident involved major bumper, frame, or structural damage.

**10.** After Plaintiff's first incident, Defendant scheduled Plaintiff for retraining.

**11.** Plaintiff was not permitted to complete that retraining before Defendant terminated his employment approximately February 13-15, 2026.

**12.** Plaintiff was aware of another inexperienced driver whom Plaintiff understood to be Hispanic and therefore outside Plaintiff's protected racial group.

**13.** Plaintiff alleges that the Hispanic driver was permitted to continue training and/or employment after an accident involving bumper damage.

**14.** Plaintiff alleges that the other driver's accident appeared more serious than Plaintiff's two low-speed backing incidents, yet the other driver received an opportunity to continue training or employment.

**15.** Plaintiff does not contend that accidents should be ignored. Plaintiff alleges that Defendant treated him more harshly, denied him the same opportunity to improve through retraining, and applied discipline unequally.

**16.** Plaintiff alleges that his race was a motivating factor in Defendant's decision to deny him the same retraining opportunity and terminate his employment.

## ADMINISTRATIVE EXHAUSTION

**17.** Plaintiff filed an EEOC Charge of Discrimination on or about June 30, 2026. The charge was assigned Charge No. 493-2026-02489.

**18.** On July 8, 2026, the EEOC issued a Determination and Notice of Rights. The EEOC stated that it would not proceed further with its investigation and made no determination as to whether further investigation would establish a statutory violation.

**19.** The EEOC issued Plaintiff notice of his right to sue Defendant on the charge. Plaintiff received the EEOC's official notice electronically on or about July 8, 2026.

**20.** Plaintiff files this action within 90 days of receipt of the EEOC's official notice.

## COUNT I - RACE DISCRIMINATION UNDER TITLE VII

**21.** Plaintiff incorporates the preceding allegations.

**22.** Plaintiff is a member of a protected class because he is African American/Black.

**23.** Defendant subjected Plaintiff to an adverse employment action by terminating his employment.

**24.** Plaintiff alleges that Defendant treated an inexperienced driver outside Plaintiff's protected racial group more favorably by allowing that driver to continue training and/or employment after an accident, while Plaintiff was not permitted to complete scheduled retraining before termination.

**25.** Plaintiff alleges that Defendant's unequal treatment and termination of Plaintiff were because of Plaintiff's race, in violation of Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and award all relief authorized by law and supported by the evidence, including:

• back pay and other lost employment compensation and benefits, as proven;

• compensatory damages to the extent authorized by Title VII and proven;

• appropriate equitable relief, including reinstatement or other appropriate prospective relief if warranted;

• prejudgment and post-judgment interest as permitted by law;

• costs and any other relief the Court determines to be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by jury.

Respectfully submitted,

Karl Williams III

**Karl M. Williams III, Pro Se**
Address: 6986 Dakota Circle South
City/State/ZIP: Olive Branch, MS 38654
Telephone: 901-828-2316
Email: Karlw8418@gmail.com
Date: Oct 5, 26

# EXHIBIT A

**EEOC Determination and Notice of Rights**

Charge No. 493-2026-02489

Issued July 8, 2026

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Little Rock Area Office**
820 Louisiana St, Suite 200
Little Rock, AR 72201
(501) 900-6130
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/08/2026

**To:** Mr. Karl M. Williams III
6986 Dakota Circle South
OLIVE BRANCH, MS 38654
Charge No: 493-2026-02489

EEOC Representative and email: VIKKI HUDGENS
INVESTIGATIVE SUPPORT ASSISTANT
VIKKI.HUDGENS@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 493-2026-02489.

On behalf of the Commission,

Digitally Signed By:William A Cash
07/08/2026

William A Cash
Area Office Director

**Cc:**
Bethany Wilson
Schneider National Inc
3101 South Packerland Dr.
Green Bay, WI 54313

Schneider National, Inc
800 College Blvd
WEST MEMPHIS, AR 72301

Please retain this Notice for your records.

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 493-2026-02489 to the District Director at Delner Franklin-Thomas, 200 Jefferson Ave Suite 1400, Memphis, TN 38103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 493-2026-02489 to the District Director at Delner Franklin-Thomas, 200 Jefferson Ave Suite 1400, Memphis, TN 38103.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**Extremely Urgent**

...shipping

KARL WILLIAMS
(901) 828-2316
THE UPS STORE #3604
STE 4
6515 GOODMAN RD
OLIVE BRANCH MS 38654-7336

1 LBS 1 OF 1
SHP WT: 1 LBS
DWT: 16,12,1
DATE: 06 OCT 2026

SHIP TO:
AR BELT DIVISION COURT
ROOM A-149
600 WEST CAPITOL AVE

LITTLE ROCK AR 72201

AR 722 9-45

UPS NEXT DAY AIR 1
TRACKING #: 1Z X40 4X1 01 7176 2895

BILLING: P/P

**The UPS Store RFID Label**

**Tracking #**

1ZX404X1017176 2895

**This package is for use with the following services:**

UPS Next Day Air®
UPS Worldwide Express®
UPS 2nd Day Air®
UPS Worldwide Expedited®

**Domestic Shipments**

- To qualify for the letter rate, the UPS Express® envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

**International Shipments**

- The UPS Express envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.
- To qualify for the letter rate, the UPS Express envelope must weigh 8 oz. or less. UPS Express envelopes weighing more than 8 oz. will be billed by weight.

**Note:** UPS Express envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not send cash or cash equivalent.

[illegible]

In [illegible] and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

Serving you for more than 110 years
United Parcel Service.®

For information about UPS's privacy practices or to opt out from the sale of personal information, please see the UPS Privacy Notice at www.ups.com
010195103 5/25 PAC United Parcel Service